IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| LAUREEN TEMPLE, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 16-1495 |
| v. | ) | |
| | ) | District Judge Nora Barry Fischer |
| NOVO NORDISK, INC., | ) | |
| | ) | |
| Defendant. | ) | |

| NOVO NORDISK INC., | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 16-1509 |
| v. | ) | |
| | ) | District Judge Nora Barry Fischer |
| LAUREEN A. TEMPLE, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

AND NOW, this 3rd day of October, 2016, upon consideration of Novo Nordisk, Inc.'s Motion for Reconsideration (Docket No. [8]) filed at Civil Action No. 16-1509 seeking reconsideration of this Court's Order of September 30, 2016 entered at each of Civil Action Nos. 16-1495 and 16-1509, denying Nova Nordisk's motion for preliminary injunction, motion for expedited discovery and motion to preserve evidence, without prejudice, and directing the parties to meet and confer and agree upon the parameters of discovery and file both a joint proposed case management order and a Notice of ADR by October 7, 2016,

IT IS HEREBY ORDERED that said Motion [8] is denied as Novo Nordisk has failed to meet its heavy burden to demonstrate that reconsideration is appropriate.

In so holding, the Court notes that it may grant a motion for reconsideration if the moving party shows: (1) an intervening change in the controlling law; (2) the availability of new evidence which was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent a manifest injustice. *United States v. Banks*, Crim No. 03-245, 2008 WL 5429620, at *1 (W.D. Pa. Dec. 31, 2008) (citing *Max's Seafood Café by Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)). Motions for reconsideration are not a tool to re-litigate and reargue issues which have already been considered and disposed of by the Court, *see United States v. Hoey*, 2011 WL 748152, at *2 (W.D. Pa. 2011) (citation omitted), to express disagreement with the Court's rulings, *see United States v. Perminter*, Cr. No. 10-204, 2012 WL 642530, at *7 (W.D. Pa. Feb. 28, 2012), or for addressing arguments that a party should have raised earlier, *see United States v. Dupree*, 617 F.3d 724, 732-33 (3d Cir. 2010) (quotations omitted).

Here, Nova Nordisk focuses on the Court's citation to its Practices and Procedures and the failure of its counsel to file a Rule 65(b) affidavit as the basis for the denial of its motions, without prejudice. (*See* Docket No. 8). However, this was not the sole reason why Nova Nordisk's motions were denied, without prejudice. (*See* Docket No. 7). This Court's Practices and Procedures also provide that:

> All requests for injunctions and temporary restraining orders are handled as expeditiously as possible and the Court will, in its discretion, and after review of the pleadings and affidavit(s), determine whether or not to conduct a hearing and, if so, the scope of any testimony and other evidence to be allowed.

*See Practices and Procedures* at § III.C. Having reviewed the collective filings made by Nova Nordisk on September 30, 2016, it is this Court's opinion that the motion for preliminary injunction is not yet ripe for adjudication as this Court held previously in *Samuel, Son & Co.,*

*Inc., d/b/a Frontier Steel Company v. Erik Beach, et al.*, 2013 WL 4855325 (W.D. Pa. Sept. 11, 2013). To this end, Nova Nordisk is seeking not only a preliminary injunction but also discovery in advance of a hearing on that motion, including written discovery and a deposition of Ms. Temple. (*See* Docket Nos. 2, 3, 4, 5). Hence, the Court exercised its discretion and directed the parties to meet and confer for the purpose of developing a discovery plan so that both sides would have the opportunity to engage in discovery prior to the Court holding any hearing on a renewed motion for preliminary injunction. *See e.g., Travelers Cas. & Sur. Co. of Am. v. A.G. Cullen Const., Inc.*, No. CIV.A 07-0765, 2009 WL 2232906, at *5 (W.D. Pa. July 24, 2009) (citing Fed. R. Civ. P. 1 ("It is the Court's duty to assess the nature of a case and set appropriate scheduling deadlines, and to that end, the Court has discretion to set the case management deadlines in a manner to promote the goals of speedy and efficient resolutions of all actions.")). It is also this Court's belief that this is the type of case where an early referral to ADR is appropriate. Thus, the parties were directed to submit a Stipulation Selecting ADR Process as well.

For these reasons, Nova Nordisk's Motion for Reconsideration [8] is DENIED.

*/s/ Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

cc/ecf: All counsel of record.